UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS WILLIAM HYSELL, | No. 2:17-cv-1887 GEB DB PS |
| Plaintiff, | |
| v. | ORDER |
| JAMES WALSH., et al. | |
| Defendants. | |

Plaintiff, Douglas William Hysell, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains of false arrest, assault, and unlawful prosecution.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

**I.     Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma

1

pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western

Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Complaint

As explained below, plaintiff's complaint in this action is deficient in several respects.

### A. Statute of Limitations

Although the complaint is difficult to decipher, it appears that this action is brought pursuant to 42 U.S.C. § 1983. The complaint, however, alleges that the events at issue commenced on March 16, 2015. (Compl. (ECF No. 1) at 2, 6.) Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, in California that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1.

Here, this action was filed on September 11, 2017. (ECF No. 1.) Accordingly, in the absence of tolling, events prior to September 11, 2015, would not give rise to a § 1983 cause of action.

3

**B.     Rule 8**

Plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, the allegations found in the complaint are difficult to read and often inaccurate. For example, the complaint alleges that "the Stanislaus County Sheriff's Department [is] a private corporation foreign to the United States Republic and foreign to the organic California Republic." (Compl. (ECF No. 1) at 1.) That a defendant put plaintiff "under his assumed authority as if [plaintiff] were a U.S. citizen of the United States and subject to private corporate policy being falsely classed as law." (Id. at 3.) That the "SUPERIOR COURT STATE OF CALIFORNIA is an unconstitutional, private corporation, not delegated by Congress, under Article 2 of the Constitution." (Id. at 5.) That on March 16, 2015, officers of the Stanislaus County Sheriff's Department "along with other[] private corporate security guards made a contrary conclusion of law based upon an erroneous presumption, that the Claimant was enjoying a corporate franchise subject to the jurisdiction of the franchise, STATE OF CALIFORNIA . . . ." (Id. at 6.) Moreover, the complaint does address in any detail a specific cause of action.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

The complaint also fails to contain a demand for judgment for the relief plaintiff seeks. Instead, the complaint simply ends by stating that plaintiff asks "that this case be removed from State Court to Federal Court and that [plaintiff] be allowed to file his claim into this Court to address the criminal acts that have/are taking place against [plaintiff] and [his] private property."

(Compl. (ECF No. 1) at 10.)

However, it is entirely unclear as to what case the complaint is referring. Moreover, under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U .S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

////

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Additionally, the Younger abstention doctrine generally forbids federal courts from interfering with ongoing state judicial proceedings. See Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992). Thus, Younger abstention is appropriate when state proceedings of a judicial nature: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise federal questions. Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc).

**III. Leave to Amend**

For the reasons stated above, plaintiff's complaint must be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

////

////

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed September 11, 2017 (ECF No. 1) is dismissed with leave to amend.[1]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: November 17, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\hysell1887.dism.lta.ord

---

[1] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

8